## HALL v. CRANDALL.

ERROR from a judgment of the Court of Common Pleas.
The original action was assumpsit, in which the plaintiff de-
clared — That at the defendant's request, and promise to pay
him the state's bounty of £6 he entered and performed a
tour of duty in the continental army:   That the defendant
informed him the bounty was in the hands of Ebenezer
Backus, ready to be paid, and gave him an order, on or about
the 30th day of August, 1780, as follows: — "Sir, pay
Christopher Crandall his state bounty, and the blanket
money you will account with me for.   In so doing, you will
oblige your humble servant,— Samuel Hall.   To Ebenezer
Backus, Windham."— That the plaintiff "soon after" pre-
sented the order to said Backus, who refused to pay it, of
which he "soon after" gave the defendant notice; after
which, viz. on the 30th day of June, 1787, the defendant, in

consideration of his being liable to pay the contents of said order, assumed upon himself, and promised to pay the same, etc.

*Non-assumpsit* was pleaded, and issue closed to the court, who found for the plaintiff.

The only question in error respected the sufficiency of the declaration, there being no time specified when the order was presented, nor when the defendant was notified of the nonpayment, but only that it was soon after.

The judgment was affirmed.

By the COURT. In a declaration against the drawer of a bill of exchange, it is doubtless necessary to set forth with precision the time when the bill was presented for payment, that it may appear that the payee has used due diligence; and upon a demurrer, it would be ill without it: So it would in every special assumpsit, without a consideration set forth; but the want of certainty in either case is curable by a verdict.—As there can be no promise in law without a consideration, it shall be intended, when the jury have found the promise, that a consideration was proved. So, as there can be no promise raised against the drawer of a bill, unless the payee has used due diligence to obtain the money of the drawee, and has failed, it shall be intended, if the promise is found, that there was proof of due diligence used, and that the bill was presented in due season, though the averment in the declaration be only, as in this case, that it was presented soon after it was received.

The order, however, in this case, does not appear to be in nature, or within the reason of a bill of exchange; it is not expressed for value received, nor averred to have been in

extinguishment of an antecedent debt or duty; and was but a mere authority to receive the money of Backus.

And as the money has not in fact been paid, whether the order has ever been presented or not, the original promise of the defendant to pay the bounty, or see it paid, still remains in force, and, being set forth in this declaration, is sufficient to warrant the judgment, independent of any transactions relative to the order.

DYER, J., dissenting. This action is not grounded on the original contract, but on an implied assumpsit, arising from the nonpayment of the order: — But, from the stating in the declaration, no such promise can arise, the order being but a bare authority to receive the money of Backus; and the finding of the jury cannot aid a declaration so materially defective.